UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                              |   |                        |
|----------------------------------------------|---|------------------------|
| EMILY HARDING, *on behalf of herself and others similarly situated*, | : | CASE NO. 1:21-cv-01212 |
|                                              | : | OPINION & ORDER        |
| Plaintiff,                                   | : | [Resolving Docs. 9; 19] |
|                                              | : |                        |
| v.                                           | : |                        |
|                                              | : |                        |
| STEAK N SHAKE, INC.,                         | : |                        |
|                                              | : |                        |
| Defendant.                                   | : |                        |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Emily Harding sues Defendant Steak N Shake, Inc. for violating the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act.[1] Harding seeks to represent herself and others similarly situated in a Fair Labor Standards Act collective action and a class action.

Defendant Steak N Shake moves to transfer venue to the Southern District of Indiana,[2] arguing it would be a more convenient and judicially efficient venue.[3] Steak N Shake also moves to stay proceedings pending resolution of its transfer motion.[4] Plaintiff Harding opposes.[5]

For the following reasons, the Court **DENIES** Defendant's motion to transfer. Likewise, the Court **DENIES as moot** Defendant's motion to stay proceedings.

---

[1] Doc. 7.
[2] Defendant is incorporated in Indiana and its principal place of business is in Indianapolis. Doc. 9.
[3] Docs. 9, 18.
[4] Doc. 19.
[5] Docs. 16, 19 at n. 1.

Case No. 1:21-cv-01212
GWIN, J.

I. Discussion

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witness, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"[6]

When ruling on a motion to transfer, a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice.'"[7] "These private and public interests include the plaintiff's choice of forum, location of documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively."[8] Moreover, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[9]

Defendant Steak N Shake fails to establish that the relevant private and public interests strongly favor transferring venue to the Southern District of Indiana.

First, Steak N Shake argues Plaintiff's forum choice should receive little deference because Plaintiff seeks to represent a nationwide collective action.[10] But as Defendant points out, Plaintiff Harding's collective and class actions can include only Ohio employees.[11] This Court would not have personal jurisdiction over Defendant, an Indiana corporation, for non-

---

[6] 28 U.S.C. § 1404(a).
[7] *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).
[8] *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999).
[9] *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).
[10] Doc. 18 at 1–2.
[11] Doc. 9 at 3–6.

Case No. 1:21-cv-01212
GWIN, J.

Ohio employees' claims.[12]  Plaintiff, seemingly acknowledging this point, has moved to amend her complaint to limit the scope to Ohioans and withdrawn the consent forms for all non-Ohio employees.[13]  Plaintiff's interest in selecting the forum does not favor transfer.

Next, Steak N Shake argues the Southern District of Indiana is no more inconvenient than the Northern District of Ohio and may be more convenient for some potential plaintiffs.[14]  But Defendant's burden is not merely to show that transfer would not burden parties and witnesses.  Instead, Defendant must establish that a different venue would almost certainly be better.  Defendant does not do so.  Convenience for the parties and witnesses does not favor transfer.

Finally, Steak N Shake argues transfer to the Southern District of Indiana would avoid "piecemeal" litigation as non-Ohio employees could join in a suit there, but not here.[15]  While that may be so, the Court is not persuaded that facilitating a nationwide collective action, without more, warrants transfer.  Indeed, as the Sixth Circuit just noted, "[i]ts not obvious . . . that state-based collective actions are necessarily inefficient."[16]  At most, the interest of judicial economy slightly favors transfer.

---

[12] Defendant is not subject to general personal jurisdiction in Ohio and non-Ohio employees' claims would not be connected to Defendant's Ohio activities. *Canaday v. Anthem Companies, Inc.*, --- F.4th ---, 2021 WL 3629916 (6th Cir. Aug. 17, 2021).
[13] Motion for leave to File Second Amended Complaint, Doc. 15; Notice of Withdrawing Consent Forms, Doc. 14.
[14] Doc. 18 at 2–3.
[15] Doc. 9 at 7–8; Doc. 18 at 4.
[16] *Canaday*, 2021 WL 3629916 at *6.

Case No. 1:21-cv-01212
GWIN, J.

## II. Conclusion

Because Defendant Steak N Shake has not shown that the balance of interests strongly favors transfer, the Court **DENIES** Defendant's motions to transfer and stay proceedings.

IT IS SO ORDERED.

Dated: August 30, 2021  *s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE