UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| EMILY HARDING, | : | CASE NO. 1:21-cv-01212 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 44] |
| v. | : | |
| | : | |
| STEAK N SHAKE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Emily Harding sues Defendant Steak N Shake, Inc. Plaintiff Harding says Steak N Shake violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act.[1] Harding seeks to bring this case as a Fair Labor Standards Act collective action.[2]

Defendant moves to compel opt-in Plaintiffs Madelyn Leek, Michele Phillips, Elizabeth Shultz, and Melina Rosas to be made available for depositions by January 14, 2022.[3] Plaintiff opposes.[4] Defendant replied.[5]

With this motion, the Court must determine whether an order to compel depositions is warranted under Federal Rules of Civil Procedure 30 and 37.[6]

For the following reasons, the Court **DENIES** Defendant's motion to compel.

I.  Background

---

[1] Doc. 7.
[2] Docs. 37; 37-1.
[3] Doc. 44.
[4] Doc. 51.
[5] Doc. 54.
[6] Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court."); Fed. R. Civ. P. 37(a)(1) ("[A] party may move for an order compelling disclosure or discovery.").

Case No. 1:21-cv-01212
GWIN, J.

Defendant moves to compel opt-in Plaintiffs Leek, Phillips, Shultz, and Rosas to be made available for depositions by January 14, 2022.[7] In support of this motion, Defendant says it requested deposition dates for these individuals in mid-December and indicated availability to take the depositions the week of December 27, 2021.[8] Defendant says it wanted to depose these individuals before responding to Plaintiff's motion for conditional certification on January 4, 2022.[9]

In response to Defendant's request, Plaintiff offered deposition dates in early February.[10] Further, Plaintiff argues that Defendant never formally served a notice of deposition for any Plaintiff and therefore failed to comply with Federal Rule of Civil Procedure 30(b)(1).[11] Plaintiff also says Defendant did not confer with the Plaintiffs in good faith to resolve this dispute prior to seeking relief with the Court, as is required by Local Rule 37.1.[12]

## II. Discussion

Under Rule 30, a party may, "by oral questions, depose any person, including a party, without leave of court."[13] "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address."[14] If the opposing party

---

[7] Doc. 44.
[8] *Id.* at 1.
[9] Doc. 54 at 2.
[10] *Id.*; Doc. 44-1.
[11] Doc. 51 at 7–8; Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.").
[12] Doc. 51 at 1–2, 8; Local Rule 37.1 ("Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.").
[13] Fed. R. Civ. P. 30(a)(1). There are exceptions to this rule laid out in Fed. R. Civ. P. 30(a)(2). Those exceptions do not apply here.
[14] Fed. R. Civ. P. 30(b)(1).

Case No. 1:21-cv-01212
GWIN, J.

refuses to make individuals available for deposition, the requesting party may move for an order compelling these depositions.[15]

An order to compel depositions of opt-in Plaintiffs is not warranted in this case.

Defendant first requested deposition dates for opt-in Plaintiffs on December 10, 2021, and then did so again on December 17, 2021.[16] Defendant said it would be available to take depositions the week between the Christmas and New Year holidays—a week when Plaintiffs and their counsel were not available.[17] Defendant was aware, however, of opt-in Plaintiffs' participation in the case as early as June 23, 2021 and August 5, 2021.[18]

Further, in response to Defendant's request for depositions, Plaintiff offered dates in early February.[19] Early February is sufficiently far in advance of Defendant's dispositive motion deadline in April and the discovery deadline in May.[20]

Finally, Rule 30(b)(1) is clear that a party seeking an oral deposition must give "reasonable written notice . . . stat[ing] the time and place of the deposition."[21] Generally, a motion to compel depositions should not be filed before a formal notice of deposition is served.[22] Defendant did not serve 30(b)(1) notice before filing this motion to compel.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to compel depositions.

---

[15] Fed. R. Civ. P. 37(a)(1).
[16] Docs. 54-1; 54-2.
[17] Docs. 54-3; 51 at 2.
[18] Docs. 3-6 (Melina Rosas); 13-12 (Madelyn Leek); 13-18 (Michele Phillips); 13-19 (Elizabeth Shultz).
[19] Doc. 44.
[20] Doc. 26.
[21] Fed. R. Civ. P. 30(b)(1).
[22] See *Firestone Fin. Corp. v. AB Marketing, LLC*, No. Civ. A. 1:12-CV-446, 2013 WL 3813516, at *1 (S.D. Ohio July 22, 2013) ("[a] motion to compel the deposition of a party . . . ordinarily is not filed prior to a formal notice of deposition."); *Bricker v. R & A Pizza, Inc.*, No. 2:10-CV-278, 2011 WL 3941982, at *3 (S.D. Ohio Sept. 6, 2011) ("In the context of compelling a party to appear for a deposition, such an order may be issued only if a proper deposition notice is served.").

Case No. 1:21-cv-01212
GWIN, J.

    IT IS SO ORDERED.

Dated: January 18, 2022            *s/     James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE