**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**CLEVELAND DIVISION**

| | | |
|---|---|---|
| **EMILY HARDING, on Behalf of Herself and All Others Similarly Situated,** | ) ) ) | **CASE NO. 1:21-CV-1212** |
| **Plaintiff,** | ) ) | **JUDGE: BRIDGET MEEHAN BRENNAN** |
| **v.** | ) ) | |
| **STEAK N SHAKE, INC.** | ) ) | |
| **Defendant.** | ) ) | |

---

**PLAINTIFFS' REPLY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

# TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ................................................................................... 1

II.  ARGUMENTS AND AUTHORITIES ................................................................. 2

   A.  Defendant failed to present sufficient evidence to defeat Plaintiffs' MSJ.  Defendant bears the burden of proof in this case and Defendant failed to meet its burden. As such, Plaintiffs' MST must be granted. ................................................................................... 2

   B.  Plaintiffs' MSJ should be granted because Defendant failed to rebut the significant evidence provided by Plaintiffs.  Plaintiffs have proven that they were required to perform duties unrelated to their work as servers pursuant to Defendant's written policies.  Plaintiffs also established that there were weeks when they spent more than 20% of their time at work performing "directly supporting work."  Defendant did not rebut any of this evidence............................................... 4

   C.  Plaintiffs' MSJ should be granted because Defendant did not dispute that Plaintiffs were required to perform unrelated "side work" tasks. .................................................................... 6

   D.  Plaintiffs' Motion for Summary Judgment must be granted because Defendant concedes that it required Plaintiffs to perform unrelated "side work" tasks without pay at the federal minimum wage rate. ............................................................................................................ 10

   E.  Plaintiffs' MSJ must be granted because Defendant did not dispute that there were weeks when Plaintiffs spent more than 20% of their time performing directly supporting work. ...... 13

   F.  Defendant's remaining arguments are irrelevant and baseless. ......................................... 15

   G.   The *Mt. Clemens* burden shifting standard provides that summary judgment must be granted for the Plaintiffs.  Defendant's arguments to the contrary reflect a lack of understanding of the *Mt. Clemens* burden shifting standard........................................................................... 16

## TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Mt. Clemens Pottery Co.*,
    328 U.S. 680 (1946) ................................................................................................ 16

*Dole v. Bishop*,
    740 F. Supp. 1221 (S.D. Miss. 1990) ...................................................................... 7

*Driver v. AppleIllinois, LLC*,
    739 F.3d 1073 (7th Cir. 2014) ................................................................................. 7

*Emanuel v. County of Wayne*,
    652 F. App'x 417 (6th Cir. 2016) ............................................................................ 3

*Harrison v. Rockne's Inc.*,
    274 F. Supp. 3d 706 (N. D. Ohio 2017) .................................................................. 7

*Idaho Sheet Metal Works, Inc., v. Wirtz*,
    383 U.S. 190 (1966) ................................................................................................. 3

*Justice v. Metropolitan Gov't of Nashville*,
    4 F.3d 1387 (6th Cir. 1993) .............................................................................. 1, 3

*Martin v. Tango's Restaurant, Inc.*,
    969 F.2d 1319 (1st Cir.1992) .................................................................................. 3

*Myers v. The Copper Cellar Corp.*,
    192 F.3d 546 (6th Cir. 1999) .................................................................................. 7

*Steele v. Leasing Enters., Ltd.*,
    826 F.3d 237 (5th Cir. 2016) .................................................................................. 3

*U.S. Dept. of Labor v. Cole Enterprises, Inc.*,
    62 F.3d 775 (6th Cir. 1995) .................................................................................. 17

Statutes

29 U.S.C. § 203(g) .................................................................................................... 11
29 U.S.C. § 211(c) .................................................................................................... 17

Rules

Fed. R. Civ. P. 26(a)(1)(A)(i) .................................................................................... 2
Rule 26 ........................................................................................................................ 3

Rule 26(a) or (e) ........................................................................................................................ 3

Regulations

29 C.F.R. § 516.28 .................................................................................................................... 17
29 C.F.R. § 516.28(a) ........................................................................................................ 17, 18
29 C.F.R. § 778.223 .................................................................................................................. 11
29 C.F.R. § 785.11 .................................................................................................................... 11
29 C.F.R. §§ 553.221(b), 785.7 ............................................................................................... 11

Other Authorities

Senate Report No. 93-960 ........................................................................................................... 7

## I.     <u>SUMMARY OF ARGUMENT</u>

Defendant's Response to Plaintiffs' Motion for Summary Judgment ("MSJ") relies on: (1) the declaration of Rebekah Nevin, and (2) the deposition of Josh Sheets.  This limited evidence is entirely insufficient to rebut the significant evidence submitted by Plaintiffs.  Plaintiffs' evidence proves that they were required, pursuant to Defendant's company-wide policies, to perform tasks that were unrelated to their work as tipped employees.  Plaintiffs were paid below the federal minimum wage rate when they performed these tasks.  Similarly, Plaintiffs' evidence, including the Declaration of Dr. Fox, proves that Plaintiffs spent more than 20% of their time in a week performing non-tipped work (that directly supports tipped activities) while being paid below the federal minimum wage rate.  Defendant failed to present any evidence to the contrary.

Defendant's failure to present evidence is fatal to Defendant.  That is because Defendant bears the burden of proving that it complied with the Fair Labor Standards Act ("FLSA"). This case concerns an exception to the requirement to pay the federal minimum wage rate. The Sixth Circuit has held that the employer bears the burden of proving its entitlement to an exception from the FLSA. *See, e.g., Justice v. Metropolitan Gov't of Nashville*, 4 F.3d 1387, 1392 (6th Cir. 1993) ("In relying on the exception, the employer carries the burden of pro[of].")  Similarly, because Defendant had a duty to keep track of the time spent by Plaintiffs performing unrelated, side work tasks and failed to do so, the *Mt. Clemens* burden shifting standard applies.  Under *Mt. Clemens*, the burden has shifted to Defendant to prove that it complied with the FLSA for every hour worked by Plaintiffs.  Defendant has now failed to meet its burden.

Ultimately, Defendant's Response is a misguided attempt at trying to defeat Plaintiffs' MSJ. Throughout Defendant's Response, Defendant misrepresented the deposition testimony. Defendant did so because Defendant knows that the evidence establishes that Defendant violated

1

the FLSA.  Defendant's managers even admitted in their depositions that Defendant violated the law.  Now, the Plaintiffs' MSJ must be granted.

## II.     ARGUMENTS AND AUTHORITIES

### A. Defendant failed to present sufficient evidence to defeat Plaintiffs' MSJ.  Defendant bears the burden of proof in this case and Defendant failed to meet its burden. As such, Plaintiffs' MST must be granted.

Throughout this entire case, Defendant has been careless and has demonstrated a cavalier disregard of this Court's rules and the Federal Rules of Civil Procedure.  For instance, early in this case, the Court chastised Defendant's Counsel for failing to timely respond to Plaintiffs' discovery requests.[1]  Later, Defendant moved to extend the discovery deadline 11 days *after* the discovery deadline had closed. (Dkt. 80).  That same day, the Court summarily denied Defendant's Motion.

Defendant's carelessness continued throughout this case.  Along with Defendant's Response to Plaintiffs' MSJ, Defendant filed a frivolous Motion to Strike Plaintiffs' Expert Declaration arguing that the Declaration of Dr. Fox was served six months late. (Dkt. 85). Defendant has since withdrawn that Motion because Defendant' Counsel admit that they received Dr. Fox's report and Plaintiffs' expert disclosures on November 11, 2022. (Dkt. 89).  Defendant's Response to the Plaintiffs' MSJ is similarly without merit.

Defendant's Response relies upon the Declaration of Rebekah Nevin. (*See* Dkt. 86-1). However, Ms. Nevin was never identified by Defendant in its disclosures. (*See* Ex. "1.")   The Federal Rules of Civil Procedure require Defendant to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

---

[1] This occurred when Judge Gwin presided over this case.

Defendant never designated Ms. Nevin as a witness. The Federal Rules of Civil Procedure provide that affidavits/declarations from witnesses who were not identified in Rule 26 Disclosures cannot be used in response to a motion for summary judgment. *See Emanuel v. County of Wayne*, 652 F. App'x 417, 423 (6th Cir. 2016) (noting that "If a party fails *to provide information or identify a witness* as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion.")

Similarly, Defendant relies almost exclusively on the deposition of Josh Sheets. However, Mr. Sheets was not a general manager at a Steak N' Shake restaurant during the time period covered by this lawsuit. (*See* Dkt. 86-2 at 11:3-7; 11:14-17; 12:6-12).  He was an assistant and he primarily worked shifts that were after 8 pm. (Dkt. 84-3 at 33:7-13).  Therefore, Defendant submitted only two pieces of evidence: (1) the Declaration of Nevin (which should not be considered), and (2) the Deposition of Sheets.  This evidence does not rebut the evidence submitted by Plaintiffs.

Finally, Defendant is wrong on the law with respect to the burden of proof.  Defendant claims that Plaintiffs bear the burden of proof in this case.  However, because this case concerns an exception to the requirement to pay the federal minimum wage for all hours worked, Defendant bears the burden of proof. *See, e.g., Justice v. Metropolitan Gov't of Nashville*, 4 F.3d 1387, 1392 (6th Cir. 1993) ("In relying on the exception, the employer carries the burden of pro[of]."); *Idaho Sheet Metal Works, Inc., v. Wirtz*, 383 U.S. 190, 208-09 (1966).  Indeed, the tip credit is not automatic and the "employer [bears] the burden to prove its entitlement to the tip credit." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 242 (5th Cir. 2016).   If the employer fails to meet its burden of proof, the tip credit may not be claimed. *See Martin v. Tango's Restaurant, Inc.,* 969 F.2d 1319, 1323 (1st Cir.1992).

3

Here, Defendant was required to present evidence demonstrating that (1) no Plaintiff ever performed tasks that were unrelated to their work as tipped employees; and (2) no Plaintiff ever spent more than 20% of his/her time in a week performing non-tipped work (that directly supports tipped activities).  Defendant failed to present such evidence.

Instead, Defendant argues that it enacted different policies that complied with the FLSA. (Dkt. 86 at p. 1-2).  This argument is irrelevant because compliance with one law does not excuse non-compliance with a different law.  Given that Defendant failed to establish that it complied with the FLSA's tip credit requirements, summary judgment should be granted for the Plaintiffs.

**B. Plaintiffs' MSJ should be granted because Defendant failed to rebut the significant evidence provided by Plaintiffs.  Plaintiffs have proven that they were required to perform duties unrelated to their work as servers pursuant to Defendant's written policies.  Plaintiffs also established that there were weeks when they spent more than 20% of their time at work performing "directly supporting work."  Defendant did not rebut any of this evidence.**

Both Plaintiffs and Defendant agree that there are two violations of the FLSA that have been raised in Plaintiffs' MSJ.  The first violation concerns whether Defendant's servers were required to perform tasks that were unrelated to the work of tipped employees.  Defendant refers to these tasks as "side work" tasks and describes them as activities that do "not provide service to customers for which tipped employees receive tips, and do[] not support tip-producing activities." (Dkt. 86 at p. 8).  Defendant admits that these activities are "not part of the tipped occupation for servers" and concedes that any time Plaintiffs spent performing these activities, including "(1) preparing food; and (2) cleaning the kitchen or bathrooms," should have been paid at the federal minimum wage of $7.25 per hour regardless of how long it took to perform these activities. (*Id.*)

The second violation raised in Plaintiffs' MSJ addresses the amount of time Plaintiffs spent performing "directly supporting work," which is work that does not generate tips but assists in the "provision of tip-producing customer service work." (*Id.* at p. 7).  Both Plaintiffs and Defendant

4

agree that Plaintiffs cannot spend more than of 20% of their time at work performing "directly supporting work." (*Id*. at p. 6). Directly supporting work includes time performing such activities as cleaning and setting up tables, making coffee and tea, and refilling condiments. (*See id*.) Defendant concedes "that if a tipped employee performs too much related, non-tipped work, the employee is no longer engaged in a tipped occupation," and must be paid at the full minimum wage of $7.25 per hour for any time spent performing "directly supporting work" in excess of the 20% limit (*Id*.) Therefore, both Plaintiffs and Defendant agree as to the applicable law under the FLSA.

To defeat Plaintiffs' MSJ, Defendant was required to establish that no Plaintiff ever performed work that was unrelated to the job of a server.  In other words, Defendant was required to prove that no Plaintiff ever performed the "side work" tasks described by Defendant.  Similarly, Defendant was required to prove that no Plaintiff ever spent more than 20% of his/her time at work performing "directly supporting work."  Defendant's Response failed to do so.

Given that Defendant has no evidence to defeat Plaintiffs' MSJ, Defendant misconstrues the relief that Plaintiffs are seeking and asserts that Plaintiffs have failed to establish the amount of damages that are owed.  However, Plaintiffs are not seeking summary judgment on damages. Defendant argues that the "cleaning activities" performed by Plaintiffs were "short in duration" and that there is "no uniformity in the length of time deponents claim it took for side work to be completed." (Dkt. 86 at p. 11, 14).  These arguments are without merit for several reasons.

First, Defendant did not submit any evidence to support these arguments.  Second, these arguments are irrelevant because they relate to the amount of damages owed, not whether a violation occurred.  Again, there are two issues in this case: (1) did the Plaintiffs ever perform unrelated "side work tasks" without pay at the full minimum wage, and (2) did the Plaintiffs ever

spend more than 20% of their time at work in a week performing "directly supporting work" without pay at the full minimum wage.  The undisputed answer to both questions is "yes." Therefore, Plaintiffs' MSJ must be granted.

**C.  Plaintiffs' MSJ should be granted because Defendant did not dispute that Plaintiffs were required to perform unrelated "side work" tasks.**

In Plaintiffs' MSJ, Plaintiffs seek a summary judgment finding from the Court that the following activities are unrelated to the job of a server and any amount of time spent performing these tasks should have been paid at the federal minimum wage rate.

| | |
|---|---|
| • Cleaning bathrooms. | • Making milkshakes in the kitchen. |
| • Doing dishes. | • Sweeping and mopping floors. |
| • Polish all stainless steel rails. | • Clean hand sink and refill soap and towels. |
| • Wipe down front door frames, shine stainless kick plates and frames. | • Change sani-bucket solution and replace towel. |
| • Spot clean foyer glass doors. | • Wipe down wall behind soda machine. |
| • Sweep foyer mats. | • Empty trash in service station…wipe down trash can. |
| • Sweep and mop foyer entryway. | • Clean entire inside surface of dispenser and faucet shank using small brush with mild detergent and water solution. |
| • Wipe shelving in service station. | |
| • Clean floors and under equipment using a clean mop. | • Clean POS and register pan with moist sanitized towel. |
| • Clean counter, shelving, and stainless with moist sanitized towel. | |
| • Clean and sanitize brew funnel, tip, and screen assembly. | |

(Dkt. 84-1 at Ex. "1-C" and "1-D").

Each of the tasks listed on the previous page was required by Defendant pursuant to Defendant's written policies that applied to all locations. (*Id.*)  Each task is also unrelated to the work of a tipped employee.

The case law establishes that tasks unrelated to the job of a tipped employee include: "restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms" and for such time "they are entitled to the full minimum wage." *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014). Other examples include making salad, taking out trash, scrubbing walls, sweeping floors, cleaning booths, mopping floors, and washing dishes. *Harrison v. Rockne's Inc.*, 274 F. Supp. 3d 706, 713 (N. D. Ohio 2017); *Goeble v. Burntwood Tavern Holdings, LLC*, No. Civ. A. 1:22-CV-01733, 2023 WL 3092645 (N.D. Ohio. Apr. 26, 2023); *O'Neal v. Denn-Ohio, LLC*, No. Civ. A. 3:19-CV-280, 2020 WL 210801 (N.D. Ohio. Jan. 14, 2020); *Myers v. The Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999) (stating that salad makers did not engage in a tipped occupation).  Other examples of duties that are unrelated to tipped work include silver polishing, preparing food, and preparing the restaurant for business. *See, e.g., Dole v. Bishop*, 740 F. Supp. 1221, 1228 (S.D. Miss. 1990).

In fact, the legislative history of the 1974 amendments to the FLSA (page 43 of Senate Report No. 93-960, February 22, 1974), explains that the work of janitors and dishwashers is not tipped work and not eligible for the tip credit.  Therefore, the activities described in Exhibits "1-C" and "1-D" to Plaintiffs' MSJ are precisely the activities that servers are not allowed to perform because they are unrelated to the work of a tipped employee.  Yet, Defendant enacted written policies requiring Plaintiffs to perform this work.  As such, there is no fact issue on this claim and Plaintiffs' MSJ should be granted.

7

The arguments from Defendant to the contrary are entirely without merit.  Defendant argues that the "Daily Side Work" policy (Dkt. 84-1 at Ex. "1-C") is somehow not relevant because other stores were able to "create[] their own charts." (Dkt. 86 at p. 10).  Defendant's argument is baseless because every manager that was deposed admitted that Exhibit "1-C" was a corporate policy and each Steak N' Shake store was required to comply with that policy. (Dkt. 84-3 at 69:1-21; Dkt. 84-4 at 55:23 to 60:20).  In fact, Defendant's Corporate Representative testified in her deposition that all Steak N' Shake servers were required to perform the duties listed in Exhibit "1-C."

> 6   Q.  Okay.  This document says:  "Daily side work
> 7   duties."
> 8        Do you see that?
> 9    A.  Yes.

(Dkt. 84-5 at 74:6-9).

> 20   Q.  All right.  So I'm just going to go to the
> 21   first page since that one's cleaner to read.  These
> 22   are -- this document identifies daily side work tasks
> 23   that servers are expected to perform, correct?
> 24    A.  Correct.
> **25    Q.  Okay.  And servers are expected to perform**
> **1   those duties throughout their shift, correct?**
> **2    A.  Correct.**

(*Id*. at 75:20 to 76:2) (emphasis added).

The Corporate Representative stated clearly that all Steak N' Shake servers are to perform the duties listed in Exhibit "1-C." (*Id*.)  Defendant claims that Exhibit "1-C" "does not establish a single, undisputed set of tasks for all severs at all Steak 'n Shakes in Ohio." (Dkt. 86 at p. 10).  This argument is meritless because Defendant's Corporate Representative testified that all servers were required to perform the duties listed in Exhibit "1-C."  Moreover, Exhibit "1-D" has additional unrelated "side work" tasks that Plaintiffs were expected to perform.  Defendant never

8

argued that Plaintiffs were not required to perform the duties listed in Exhibit "1-D."  Exhibit "1-D" establishes that Defendant violated the FLSA.

Defendant argues that "manager Sharon Leone insisted her store only required servers to clean bathrooms as part of their *side work – i.e.,* when they were clocked in at a non-tip-credit rate." (Dkt. 86 at p. 10).  This argument is a blatant misrepresentation of Ms. Leone's deposition.  Ms. Leone testified the opposite – that servers cleaned bathrooms <u>while being paid below the federal minimum wage rate</u>.

> 3  Q.   Okay.  But you knew they were going to clean the
> 4  bathrooms, correct?
> 5    A.   Correct.
> **9    Q.   Okay.  Were there times when the servers cleaned**
> **10  the bathrooms when you did not clock them out and then**
> **11  clock them back in at the higher rate?**
> **12    A.   <u>Yes</u>.**

(Dkt. 84-3 at 32:3-12) (emphasis added).

Ms. Leone's testimony resolves all doubt as to whether Defendant violated the FLSA.

Finally, Defendant's human resource policy specifically states: "A dual job scenario is when a tipped server is asked to perform non-tipped work that does not relate to their primary duty (<u>cleaning bathrooms, washing windows or other maintenance work</u>)." (Dkt. 84-1 at Ex. "1-B.").  The undisputed evidence establishes that Defendant required the Plaintiffs to perform these exact "maintenance" type tasks while being paid below the federal minimum wage rate.  Ms. Leone testified that the servers were required to perform significant, unrelated "side work" tasks throughout their shifts while always being paid below the minimum wage rate.

> 3  Q.  You would agree that Windexing windows is part of
> 4  maintenance work?
> 5    A.  Yes.
> 6    Q.  Okay.  You would agree that sweeping and mopping
> 7  the foyer and entry, that's maintenance work?
> 8    A.  Yes.

>  9    Q.   And those were all tasks that servers had to
> 10  perform, correct?
> 11    A.   Yes.
> 12    Q.   Okay.  To your knowledge, were servers ever paid
> 13  at the full minimum wage for performing the maintenance
> 14  work?
> 15    A.   Could you repeat that?
> **16    Q.  Sure.  To your knowledge, were servers ever paid**
> **17  at the full minimum wage when they performed that**
> **18  maintenance work?**
> **19    A.   <u>Always, no.  No, they weren't.</u>**
> 20    Q.   Did anybody at corporate explain to you or
> 21  anybody else at your store that servers are supposed to be
> 22  paid at the full minimum wage for maintenance work?
> 23    A.   No.

(Dkt. 84-3 at 105:3-23) (emphasis added).

Again, Defendant did not present any evidence to the contrary.  Defendant was required to prove (1) that Plaintiffs never performed these unrelated "maintenance"/"side work" tasks, or (2) were always paid at the full minimum wage rate when they performed these "maintenance"/"side work" tasks.  Defendant failed to do so.  Therefore, Plaintiffs have conclusively established Defendant required Plaintiffs to perform unrelated "side work" tasks without Defendant paying them at the federal minimum wage rate. The Court must now grant Plaintiffs' MSJ.

**D. Plaintiffs' Motion for Summary Judgment must be granted because Defendant concedes that it required Plaintiffs to perform unrelated "side work" tasks without pay at the federal minimum wage rate.**

Defendant's arguments in opposition to Plaintiffs' MSJ are truly without merit.  Defendant argues that "[s]ome managers maintained their own list of cleaning duties." (Dkt. 86 at p. 11).  As noted earlier, this argument is false.  Further, this argument is irrelevant.  Defendant has not produced these purported different "cleaning list," much less described the duties that were listed on them.  If anything, these additional "cleaning lists" likely required Plaintiffs to perform

significantly more janitorial tasks.  Defendant must prove that no Plaintiff performed any unrelated "side work" tasks and Defendant effectively concedes that it has no such evidence.

Defendant argues that there is a "factual dispute about making milkshakes." (*Id*. at p. 12). Defendant acknowledges that Plaintiffs made milkshakes while being paid below the minimum wage rate but Defendant claims that there is a fact issue because "the amount of time spent making milkshakes" was different. (*Id*.)  This argument is without merit because the amount of time spent making milkshakes is a damages issue that is irrelevant at this stage.

Defendant further argues that no violation of the law occurred because servers made milkshakes "voluntarily to get better tips." (*Id*.)  Like its other arguments, this argument is baseless. Even if it is true that servers made milkshakes "voluntarily," such a fact does not excuse Defendant from paying the federal minimum wage rate for that time.  Under the FLSA, work is anything that is "suffered or permitted" by the employer.  Specifically, section 203(g) of the FLSA defines employ as any time when the employee is "suffer[ed] or permit[ted] to work." 29 U.S.C. § 203(g). The federal regulations interpreting section 203(g) state that "work not requested but **suffered or permitted** is work time." 29 C.F.R. § 785.11 (emphasis added). The federal regulations further define "hours worked" to include: "(a) all time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace and (b) all time during which an employee is suffered or permitted to work **whether or not he is required to do so**." 29 C.F.R. § 778.223; *see also* 29 C.F.R. §§ 553.221(b), 785.7 (emphasis added).

Here, Defendant permitted its servers to make milkshakes and therefore, Defendant must pay Plaintiffs for performing that work – at the federal minimum wage rate.  The evidence conclusively proves that Plaintiffs were paid less than the minimum wage when they made milkshakes.  Ms. Leone testified as follows:

18  Q.  Okay.  And the server was paid -- just so we're
19  clear, the server was paid at the server rate when that
20  server was making the milkshakes, correct?
**21      A.  This is correct.**
22      Q.  Okay.  In fact, all servers are paid at the
23  server rate[2] if they go back there and make the milkshakes
24  for customers?
1     Q.  (BY MR. FOTY)  Correct?
**2     A.  Correct.**

(Dkt. 84-3 at 147:18 to 148:2) (emphasis added).

Thus, there is no genuine fact issue that Plaintiffs made milkshakes while being paid below the minimum wage rate.  Summary judgment should be granted for Plaintiffs.

Given that Defendant has no evidence to defeat Plaintiffs' MSJ, Defendant has tried to invent new evidence.  Defendant argues "Joshua Sheets testified bathrooms were never cleaned by servers." (Dkt. 86 at p. 11).[3]  This is another misrepresentation of the deposition testimony. Mr. Sheets stated that he did not recall seeing servers clean the bathrooms, not that it never happened. (Dkt. 86-2 at 20:3-5).  This testimony is not surprising because Mr. Sheets was normally scheduled to work on shifts after 8 pm. (Dkt. 84-3 at 33:7-13).  On the other hand, Ms. Leone, who was the manager at the same location, definitively testified that servers cleaned bathrooms and did so while being paid below the federal minimum wage rate. (Dkt. 84-3 at 32:3-12).

Accordingly, Plaintiffs have established that Defendant required Plaintiffs to perform unrelated "side work" tasks without Defendant paying them at the federal minimum wage rate. At this point, the Court must grant Plaintiffs' MSJ.

---

[2] It is undisputed that the server rate was approximately $4.00 per hour, as noted in Plaintiffs' MSJ.  Further, there is no dispute that the server rate was below the federal minimum wage rate of $7.25 per hour.

[3] Defendant falsely claims that "Plaintiff Harding worked at the store managed by Joshua Sheets." (Dkt. 86 at p. 11).  Plaintiff Harding's store was managed by Sharon Leone. (Dkt. 84-3 at 20:13-21).

**E. Plaintiffs' MSJ must be granted because Defendant did not dispute that there were weeks when Plaintiffs spent more than 20% of their time performing directly supporting work.**

As noted in Plaintiffs' Memorandum in support of Plaintiffs' MSJ, Dr. Fox reviewed Defendant's time clock data and point-of-sale data. (Dkt. 84-6).  The time clock data identifies the dates and times when Plaintiffs worked for Defendant. (*Id*.)  The point-of-sale data identifies the dates and times when each customer tab was opened and closed. (*Id*.)  It is undisputed that when Plaintiffs did not have customers, they could not earn tips. (Dkt. 84-3 at 55:5-13).

Using the data provided by Defendant, Dr. Fox calculated the amount of time Plaintiffs spent each week without customers. (Dkt. 84-6).  Defendant argues that there is an "absence of evidence that the Plaintiffs were performing compensable, non-tip credit work" when there were no customers in the restaurant and that Dr. Fox "merely assumes servers were performing compensable, non-tip credit time worked between the time customers tabbed out and servers clocked out." (Dkt. 86 at p. 1).  Defendant's argument is baseless because Defendant's Corporate Representative and every manager for Defendant testified that when there were no customers in the restaurant, Plaintiffs were still expected to perform their non-tip producing duties. (Dkt. 84-3 at 55:16-24; 56:10-18; 70:15-22; Dkt. 84-5 at 75:25 to 76:10; *see also* Dkt. 84-4 at 75:10-25; 91:12-22).

Further, it is undisputed that when a customer leaves the restaurant, that customer's tab is closed in Defendant's point of sale system. (Dkt. 84-4 at 86:12-15; 87:4-13).  In other words, when the customer's tab was closed, that means the customer left the restaurant. (*Id*.)  Defendant did not present any evidence to the contrary.

Therefore, the periods of time without customers are periods of time when Plaintiffs performed nothing but non-tip producing duties.  Dr. Fox identified the weeks when those periods

performing non-tip producing duties without customers exceeded 20% of the total time worked in the week. (Dkt. 84-6).

Dr. Fox identified several examples when this violation occurred. For example, during the week beginning April 24, 2019, Plaintiff Aaryanna Gibbs worked approximately 38.05 hours as a server. (Dkt. 84-6). Of those 38.05 hours worked as a server, she spent 26.35 hours without customers. (*Id.*) Therefore, approximately 70% of her time at work was without customers, when she performed non-tipped side work tasks. Defendant did not rebut this evidence.

Similarly, Plaintiff Harding spent more than 20% of her time at work without customers, performing non-tipped side work tasks, during the week beginning April 10, 2019. (*Id.*) Plaintiff Harding worked 22.61 hours that week. (*Id.*) However, 400 minutes or 6.67 hours were spent without customers. (*Id.*) In other words, she spent approximately 30% of her time at work that week performing non-tipped side work tasks. (*See id.*) Again, Defendant did not attempt to rebut this evidence.

Defendant has no credible evidence to rebut the analysis performed by Dr. Fox. Defendant failed to designate a counter expert and apparently, did not even read Dr. Fox's report. Based upon this evidence, there can be no reasonable dispute that Defendant failed to pay the Plaintiffs the minimum wage when they exceeded the 20% threshold.

Summary judgment must now be granted because Plaintiffs have proven that they were required to spend more than 20% of their time at work performing "directly supporting work" without pay at the full minimum wage rate. The number of weeks when this occurred is a damages issue that will be addressed later. At this time, however, Plaintiffs are entitled to summary judgment on liability.

**F. Defendant's remaining arguments are irrelevant and baseless.**

Defendant's Response to Plaintiffs' MSJ is largely filled with irrelevant arguments. Defendant argues that "[e]ach manager and server Plaintiffs rely on only had personal knowledge of their own restaurant; they do not know the workings of all 53 Ohio Steak 'n shakes or the 3,615 servers." (Dkt. 86 at p. 1).  This argument is baseless.  There are approximately 124 Plaintiffs in this case, not 3,615.  Further, Plaintiffs rely on the corporate policies of Defendant that apply to ALL servers.  Moreover, Plaintiffs' expert relies on the actual point-of-sale records and time records to identify violations. (Dkt. 84-6).

Defendant claims that managers "would clock a server out of their sever rate and clock them back in at their production rate if they needed to." (Dkt. 86. at p. 2).  There is simply no evidence that this happened for any Plaintiff.  To the contrary, each of the managers that were deposed testified that when the Plaintiffs performed maintenance duties – like cleaning the bathrooms and doing dishes – they were paid below the federal minimum wage.  (Dkt. 84-3 at 32:3- 12; 52:4-16; 105:3-23).

Defendant asserts that Plaintiffs "conflate tip-supporting activity with side work." (Dkt. 86 at p. 4).  This argument is specious, at best.  Plaintiffs have presented evidence that they were required to perform significant cleaning duties, i.e. cleaning bathrooms, cleaning dishes, sweeping and mopping floors, etc., while being paid below the federal minimum wage rate for those tasks.  Separately, Plaintiffs have presented evidence that they spent more than 20% of their time performing non-tipped, "directly supporting work."  Plaintiffs have presented evidence to support both violations they are pursuing.

Defendant argues that there is "conflicting evidence from individuals lacking personal knowledge about stores in Ohio." (Dkt. 86 at p. 9).  However, Defendant does not cite any evidence

15

to support this claim.  The reason why Defendant did not cite evidence is because it does not exist.

Plaintiffs, the managers, and Defendant's Corporate Representative testified in a consistent manner

which demonstrates that Plaintiffs were required to perform unrelated side work tasks without pay

at the federal minimum wage rate and Plaintiffs spent greater than 20% of their time performing

directly supporting work without pay at the federal minimum wage.  No matter the arguments

made by Defendant, the evidence is clear that Defendant violated the law.

Finally, Defendant admits that servers washed dishes and silverware. (Dkt. 86 at p. 13).

However, Defendant believes that it is not liable because "Harding admitted she did so to increase

her tips." (*Id*.)  It is unclear why Defendant has made this argument.  Even if Plaintiff Harding

worked as a dishwasher to help Defendant or its customers have clean dishes, Defendant was

required to pay her at the federal minimum wage rate for this work.  Defendant was not excused

from paying the minimum wage rate simply because Plaintiff Harding wanted to be a good

employee and help Defendant and its customers.

Based upon the foregoing, Defendant has utterly failed to raise any valid argument or

present evidence that defeats Plaintiffs' MSJ.  Accordingly, the Court has no choice but to grant

Plaintiffs' MSJ.

**G. The *Mt. Clemens* burden shifting standard provides that summary judgment must be granted for the Plaintiffs.  Defendant's arguments to the contrary reflect a lack of understanding of the *Mt. Clemens* burden shifting standard.**

Defendant believes that the Mt. Clemens standard "only applies when there are no records

reflecting the hours worked by employees." (Dkt. 86 at p. 14).  Defendant is wrong again. The *Mt.*

*Clemens* standard applies "where the employer's records are inaccurate or inadequate." *Anderson*

*v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

In *U.S. Dept. of Labor v. Cole Enterprises, Inc*., the Sixth Circuit addressed the *Mt.*

*Clemens* standard as it applies in a tip credit case under the FLSA, like the present case. *See U.S. Dept. of Labor v. Cole Enterprises, Inc*., 62 F.3d 775, 779-80 (6th Cir. 1995). The Sixth Circuit rejected each of the arguments that Defendant is now asserting.

In *U.S. Dept. of Labor*, the waiters and waitresses at a restaurant were required to work prior to the start of their shifts and after the end of their shifts cleaning the restaurant. *Id*. at 778. The court entered a judgment in favor of the waiters and waitresses and the defendant restaurant appealed. *Id*. at 777-78. The district court had applied the *Mt. Clemens* standard and shifted the burden of proof to the defendant restaurant to establish that it complied with the FLSA. *Id*. at 779. On appeal, the defendant argued that the "evidence fails to show that their employment records were inaccurate or inadequate," the same argument Defendant has made. *Id*. at 779. The Sixth Circuit rejected this argument. The Sixth Circuit explained that "[a]n employer is required, pursuant to 29 U.S.C. § 211(c), to make and keep records of employees' wages and hours, plus other employment conditions and practices…Additional records are required for tipped employees. *See* 29 C.F.R. § 516.28." *Id*. To comply with the FLSA, an employer must keep track of its employees' time spent performing "unrelated" tasks to ensure compliance with the minimum wage requirement. *See* 29 C.F.R. § 516.28(a).

In *U.S. Dept. of Labor*, the defendant tried to blame the workers for the lack of accurate records. Again, Defendant has made the same argument in this case. The Sixth Circuit rejected this argument as well.

> Although the Defendants argue that it was the employees' responsibility to accurately record their hours, the evidence clearly shows that this was not done. As the district court also found that the employees had produced sufficient evidence that they had, in fact, performed work for which they were not compensated, it was not error to shift the burden of proof to the Defendants as set forth in *Mt. Clemens Pottery.*

*Id.* at 779.

17

The Sixth Circuit then affirmed that the burden was on the defendant to prove that the federal "minimum wage was paid for all hours worked by the restaurant employees." *Id*.

The facts in *U.S. Dept. of Labor* are nearly identical to the facts in the present case.  Like in *U.S. Dept. of Labor*, this case concerns a group of restaurant servers who allege that they were not paid the federal minimum wage for all hours worked.  Just like in *U.S. Dept. of Labor*, the employer's records did not show the amount of time spent by the servers performing unrelated cleaning duties.  As in *U.S. Dept. of Labor*, the burden has shifted to Defendant to prove that it complied with the FLSA for every hour worked by Plaintiffs.  Given that Defendant has failed to meet its burden, summary judgment must be granted for Plaintiffs.

## **CONCLUSION**

For these reasons the Court should grant the Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted,

*/s/ Don J. Foty*
Don J. Foty
HODGES & FOTY, L.L.P.
Texas State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

And

Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005

18

anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff and Class Members

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2023, a copy of the foregoing document was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Don J. Foty
Don J. Foty